IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LAVERT ROBERSON, JR., #890786,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:14-CV-4256-L-BH** |
| | § | |
| **WILLIAM STEPHENS, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 5, 2014, recommending that Petitioner's habeas petition be construed as a successive motion and transferred to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") for consideration. The magistrate judge concluded that Petitioner's claims were successive and that the Fifth Circuit has not issued an order authorizing a successive petition.

No objections to the Report were received as of the date of this order.[1] On December 11, 2014, Petitioner filed an amended habeas petition, because his original petition was missing a page. Petitioner's amended habeas petition is otherwise identical to the habeas petition considered by the magistrate judge.

---

[1] Petitioner did not file an objection, but he did file a notice of appeal "from the final judgment entered in this action on December 15th day of 2014." Notice of Appeal (Doc. 6) 1. The court, however, had not issued its order accepting the magistrate's Report.

Order – Page 1

Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted). This court is without jurisdiction to entertain this petition because it is successive, and, in such instances, the petition must be transferred to the appellate court for it to determine whether the district court can consider the petition.

After reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **directs** the clerk of the court to **transfer** Petitioner's section 2255 motion to the Fifth Circuit for consideration.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 20th day of February, 2015.

                                                  Sam A. Lindsay
                                                  United States District Judge